**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: M. MILLER BAKER, JUDGE**

| | |
|---|---|
| COASTAL SPECIALTY FOREST PRODUCTS, INC. d/b/a COASTAL FOREST PRODUCTS,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant.* | Court No. 26-04440 |

**CONSENT MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rules 7, 56.2(a), and 65(a) of the United States Court of International Trade, Plaintiff Coastal Specialty Forest Products, Inc. d/b/a Coastal Forest Products respectfully moves to preliminarily enjoin Defendant United States, together with its delegates, officers, agents, and employees of U.S. Customs and Border Protection, during the pendency of this litigation, including all appeals and remand proceedings, from liquidating, ordering the liquidation of, or causing liquidation of any unliquidated entries of certain softwood lumber products imported from New Zealand that:

1. Were subject to Customs' Enforce and Protect Act ("EAPA") investigation and subsequent affirmative evasion determination in Case Number 8199 and ensuing administrative review. *See Final Administrative Determination, EAPA Case No. 8199: Coastal Specialty Forest Products Inc.*, Office of Trade, Regulations and Rulings (Sept. 11, 2026) ("Final Determination"); *Notice of Determination as to Evasion, EAPA Consolidated Case No. 8199*, Office of Trade, Trade Remedy and Law Enforcement Directorate (May 4, 2026) ("Evasion Determination");

2. Were imported by Plaintiff, Coastal Specialty Forest Products, Inc. d/b/a Coastal Forest Products;

3. Were entered, or withdrawn from warehouse for consumption, on or after June 26, 2024, up to and including September 11, 2026, the date Customs issued its Final Determination; and

4. Remain unliquidated as of 5:00 P.M. EST on the day the Court enters the order enjoining liquidation on the docket of this action (the "covered entries").

This Court has the authority to grant the requested injunctive relief pursuant to 28 U.S.C § 1585. Plaintiff's motion is timely, because it is being filed within 30 days of October 9, 2026, the date of service of the

complaint lodged in this action, as required under Rule 56(a). Furthermore, pursuant to Rule 7(b) and (f), Plaintiff consulted with Defendant and proposed Defendant-Intervenor. On November 6, 2026, Tara K. Hogan of the U.S. Department of Justice, informed Plaintiff that Defendant consents to the relief requested by this motion; and Zachary Walker of Picard Kentz & Rowe LLP, counsel for proposed Defendant-Intervenor, informed Plaintiff that proposed Defendant-Intervenor consents to the relief requested by this motion.

Accordingly, as further demonstrated below, Plaintiff respectfully requests that this Court enjoin liquidation of Plaintiff's covered entries pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings.

## BACKGROUND

This action challenges Customs' final affirmative determination of evasion issued under 19 U.S.C. § 1517(f), including all interlocutory decisions that merged into that final determination, associated with EAPA Case No. 8199. Plaintiff is the importer of record of merchandise covered by EAPA Case No. 8199 and was the subject of Customs' evasion investigation (making it an interested party within the meaning of 19

U.S.C. § 1517(a)(6) and 28 U.S.C. § 2631(k)(1)). On September 11, 2026, Customs determined that the merchandise Plaintiff imported, which was subject to significant processing in New Zealand, was covered by the antidumping and countervailing duty orders on certain softwood lumber products from Canada. *See Certain Softwood Lumber Products From Canada: Antidumping Duty Order and Partial Amended Final Determination*, 83 Fed. Reg. 350 (Dep't of Com. Jan. 3, 2018); *Certain Softwood Lumber Products From Canada: Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order,* 83 Fed. Reg. 347 (Dep't of Com. Jan. 3, 2018) (collectively, the "*Orders*").

On October 9, 2026, Plaintiff timely filed its Summons and Complaint challenging Customs' determination. *See* Summons (Oct 9, 2026), ECF No. 1; Compl. (Oct. 9, 2026), ECF No. 2; *see also* 19 U.S.C. § 1517(g) (providing parties 30 business days to seek judicial review). On the same day, Plaintiff served Defendant with the Summons and Complaint, pursuant to Rules 3(a)(3) and 4(b)(1), and also complied with the notification requirements of Rule 3(f). *See* Cert. of Serv., ECF Nos. 1-1, 2-1.

## ARGUMENT

To secure a preliminary injunction preventing the liquidation of entries pending judicial review, a moving party need only show that: (1) it has a fair chance of success on the merits; (2) it is likely to suffer irreparable harm absent a preliminary injunction; (3) the balance of equities favors the moving party; and (4) an injunction is in the public interest. *See Qingdao Taifa Group v. United States*, 581 F.3d 1375, 1380 (Fed. Cir. 2009); *American Signature, Inc. v. United States*, 598 F.3d 816, 823 (Fed. Cir. 2010); *Zenith Radio Corp. v. United States*, 710 F.2d 806, 808–09 (Fed. Cir. 1983). The balance of equities and public interest merge where, as here, the government is the defendant. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). As demonstrated below, Plaintiff's request for a preliminary injunction in this case satisfies all the foregoing requirements.

### I. Plaintiff Will Suffer Irreparable Harm Absent a Preliminary Injunction

Parties seeking an injunction must "demonstrate that irreparable harm is *likely* in the absence of an injunction." *Winter v. NRDC, Inc.*, 555 U.S. 7, 8 (2008). Irreparable injury is indeed likely here if an injunction is not granted. This Court and the U.S. Court of Appeals for the Federal

Circuit have held that the inability of the Court to "meaningfully correct" an agency's determination constitutes irreparable injury. *See Zenith*, 710 F.2d at 811–12; *see also Qingdao Taifa Group v. United States*, 581 F.3d 1375, 1380 (Fed. Cir. 2009) (applying *Zenith* to "interested parties" in antidumping cases).

Plaintiff challenges Customs' determination that it entered covered merchandise that was subject to the *Orders*. Without a court order enjoining liquidation, the Court's ability to grant "effectual relief with respect to" Plaintiff's covered entries would be vitiated. *Royal Brush Mfg., Inc. v. United States*, 675 F. Supp. 3d 1282, 1290 (Ct. Int'l Trade 2023) (quotation omitted) (dismissing EAPA case for lack of jurisdiction after, among other things, covered entries liquidated). Specifically, the covered entries would liquidate, liquidation would preclude Plaintiff from obtaining refunds, and Plaintiff's inability to obtain refunds for covered entries would prevent the Court from ordering any effectual relief as to those entries. *See id.* at 1290–94. Therefore, Plaintiff satisfies the requirement of irreparable and immediate harm.

## II. Plaintiff has at Least a Fair Chance of Success on the Merits

When, as here, the movant has demonstrated that it will be irreparably harmed absent an injunction, "the movant must demonstrate at least a 'fair chance of success on the merits' for a preliminary injunction to be appropriate." *Qingdao Taifa*, 581 F.3d at 1380 (citing, among others, *U.S. Ass'n of Imps. of Textiles & Apparel v. United States*, 413 F.3d 1344, 1344 (Fed. Cir. 2005)). The Federal Circuit has emphasized that "19 U.S.C. § 1516a(c)(2) envisions the use of preliminary injunctions in the antidumping context to preserve proper legal options and to allow for a full and fair review of duty determinations before liquidation," and, therefore, there is a lower burden of showing likelihood of success in Section 1581(c) cases. *Qingdao Taifa*, 581 F.3d at 1382. Plaintiff has more than a fair chance of success on the merits in this case.

Plaintiff's Complaint raises substantial questions as to the lawfulness of Customs' determination. Specifically, as asserted in Plaintiff's Complaint, Customs: (1) improperly interpreted and applied the scope of the *Orders*; (2) failed to consider record evidence demonstrating a substantial transformation in New Zealand; and (3) issued a determination that was arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law. Compl. at ¶¶ 49–54. Plaintiff's Rule 56.2 briefing will address in more detail and further support each of the grounds raised in its Complaint. Plaintiff has, therefore, demonstrated at least a fair chance of success on the merits.

## III. The Balance of Equities and Public Interest Favor Plaintiff

Enjoining liquidation of the covered entries will not impose a significant hardship on any party to this proceeding and will serve the public interest.

If the covered entries are liquidated prior to the end of this case and Plaintiff ultimately prevails, it will largely be deprived of the benefit of the Court's ruling. On the other hand, an injunction will merely postpone the final calculation of duties owed on the covered entries. Postponement is "at most" an "inconvenience" to the United States. *SKF USA, Inc. v. United States*, 316 F. Supp. 2d 1322, 1328 (Ct. Int'l Trade 2004). And the permanent deprivation of Plaintiff's rights outweighs inconvenience to the government in the delay of collecting the duties, if any, that may be owed. *Id.* at 1328–29. The balance of hardships, therefore, weighs in favor of enjoining liquidation.

Additionally, the public interest is best served by ensuring the effective enforcement of trade laws and that the correct amount of antidumping and countervailing duties is collected. *See, e.g.*, *American Signature*, 598 F.3d at 830. The assessment of antidumping and countervailing duties and fair enforcement of existing antidumping and countervailing duty laws are indeed a primary tenet of EAPA. *See* 19 U.S.C. § 1517. Thus, it is in the public's interest that a preliminary injunction be granted to ensure that antidumping and countervailing duties assessed on Plaintiff's covered entries are accurate. Conversely, absent the requested injunction, the public interest will be harmed by allowing the covered entries to be liquidated before effective judicial review can be had. The public interest favors the requested preliminary injunction. *SKF*, 316 F. Supp. 2d at 1329.

## CONCLUSION

For these reasons, Plaintiff respectfully requests the Court grant its Consent Motion for Preliminary Injunction and enjoin liquidation of the covered entries pending a final and conclusive decision in this litigation, including all appeals and remand proceedings.

Respectfully submitted,

/s/ Luke Mathers
Sarah S. Sprinkle
Luke Mathers
Alexander D. Keyser
**SANDLER, TRAVIS & ROSENBERG, P.A.**
286 Madison Avenue, Suite 1200
New York, New York 10017
(212) 549-0160
lmathers@strtrade.com

Dated: November 6, 2026

## **CERTIFICATION**

I certify that the foregoing submission was not prepared with the assistance of a generative artificial intelligence program based on natural language prompts.

Dated: November 6, 2026

/s/ Luke Mathers
Luke Mathers